## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANHEUSER-BUSCH, INCORPORATED, | ) | CASE NO.: 11-262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS and TEAMSTERS | ) | |
| LOCAL UNION 957 | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFIED COMPLAINT

Plaintiff Anheuser-Busch, Incorporated ("Anheuser-Busch"), for its Complaint against Defendants International Brotherhood of Teamsters ("Teamsters International") and Teamsters Local Union 957 ("Teamsters Local") (collectively, "Defendants"), states the following:

### INTRODUCTION

1.  This is an action at law and in equity for dilution and false advertising arising under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq. as well as deceptive trade practices Ohio Revised Code § 4165.01, et seq.; and defamation under the common law of the state of Ohio.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Anheuser-Busch's federal claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Court has subject matter jurisdiction over Anheuser-Busch's state statutory and common law claims pursuant to 28 U.S.C. § 1367.

SLC-6414228-1

3.   This Court has jurisdiction over the Defendants by virtue of the fact that they are conducting business in this judicial district.

4.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5.   Plaintiff Anheuser-Busch is a Missouri corporation with its principal offices at One Busch Place, St. Louis, Missouri 63118.

6.   Upon information and belief, Defendant Teamsters International is an association doing business in the Southern District of Ohio with its principal place of business at 25 Louisiana Avenue NW, Washington, D.C. 20001.

7.   Upon information and belief, Defendant Teamsters Local Union 957 is an association doing business in and maintaining an office in the Southern District of Ohio with its principal place of business at 2719 Armstrong Lane, Dayton, Ohio, 45414.

8.  Upon information and belief, Defendant Teamsters Local Union 957 is affiliated with Defendant Teamsters International.

9.   Upon information and belief, Defendants represent drivers and warehouse employees of Heidelberg Distribution Company ("Heidelberg"), a beverage distributor in and around Southwestern Ohio.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Anheuser-Busch holds nearly fifty percent of the U.S. beer market.  The company brews the world's largest-selling beers, BUDWEISER and BUD LIGHT.  Anheuser-Busch

has produced, marketed, distributed, and sold its universally famous BUDWEISER beer in this country for over 100 years.

11. Sales of products in connection with the Anheuser-Busch trademarks generate billions of dollars in revenue for Anheuser-Busch. Anheuser-Busch has sold billions of dollars worth of BUDWEISER beer in the United States.

12. For the past five years, Anheuser-Busch has ranked at the top of the companies in the beverage industry on Fortune magazine's list of "America's Most Admired Companies."

13. After great expenditures of time, money and effort, Anheuser-Busch has developed many distinctive trademarks, designs, forms of advertisement, and slogans, which it has used and continues to use in connection with its many products and business activities.

## THE ANHEUSER-BUSCH MARKS

14. Anheuser-Busch is the owner of many famous registered and common law trademarks associated with the BUDWEISER brand. These marks include, among others: the BUDWEISER word mark and the BUDWEISER Script Design. As described in detail below, these marks are the subject of numerous federal registrations covering a wide range of products.

15. Anheuser-Busch or its predecessors in interest have used the BUDWEISER word mark continuously in this country since 1876. In addition to using the mark in connection with beer, Anheuser-Busch has used the BUDWEISER word mark continuously in connection with apparel and a wide range of promotional products since at least as early as 1938.

16.   Anheuser-Busch owns a number of valid and subsisting United States Trademark Registrations for the BUDWEISER mark, which cover a variety of products, including beer. Anheuser-Busch's BUDWEISER registrations include:  Reg. No. 922,481; Reg. No. 952,277; Reg. No. 1,402,016; Reg. No. 1,443,856; Reg. No. 1,568,251; Reg. No. 2,506,291 and Reg. No. 2,627,994.  True and correct copies of the Certificates of Registration corresponding to the aforementioned registrations are attached collectively as **Exhibit A**.

17.  In addition, United States Trademark Reg. No. 922,481; Reg. No. 952,277; Reg. No. 1,402,016; Reg. No. 1,443,856; Reg. No. 1,568,251 and  Reg. No. 2,506,291 for the BUDWEISER word mark are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b).

18.   Anheuser-Busch owns a number of valid and subsisting United States Trademark Registrations for the BUDWEISER Script Design, which cover a variety of products. Anheuser-Busch's BUDWEISER Script Design registrations include:  United States Trademark Reg. No. 2928032; Reg. No. 2963450 and Reg. No. 3182511.  True and correct copies of the Certificates of Registration corresponding to the aforementioned registrations are attached collectively as **Exhibit B.**

19.  In addition, United States Trademark Reg. No. 2928032 and Reg. No. 2963450 for the BUDWEISER Script Design are incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065, 1115(b).

20.  For purposes of this Complaint, Anheuser-Busch's registered trademarks are referred to collectively as the "Anheuser-Busch Marks."

21.  Anheuser-Busch has engaged in the marketing, distribution and sale of products depicting the Anheuser-Busch Marks since long prior to the acts complained of herein and Anheuser-Busch is the owner of exclusive trademark rights therein.  The Anheuser-Busch Marks have been and are used by Anheuser-Busch to market its products and services on television, radio, billboards, internet and printed advertisements, and through the sale and distribution of many products.  Anheuser-Busch has spent billions of dollars in marketing and promoting its BUDWEISER beer in the United States.

22.  The Anheuser-Busch Marks and the goodwill of the business associated with them in the United States are of great and incalculable value to Anheuser-Busch, are highly distinctive, and have become universally associated in the public mind with products and services of the very highest quality and reputation, with Anheuser-Busch as their source.

23.  Each of the Anheuser-Busch Marks is inherently distinctive and is uniquely associated with Anheuser-Busch and its products in the minds of consumers throughout the United States and Ohio.

24.  Anheuser-Busch's trademarks are famous and well-known, as numerous courts have confirmed. *See Anheuser-Busch, Inc. v. VIP Prods., LLC*, 666 F.Supp.2d 974, 987 (E.D. Mo. 2008) (concluding "it is undisputed that the 'Budweiser' mark is famous"); *Anheuser-Busch, Inc. v. Andy's Sportswear, Inc.*, No. C-96-2783, 1996 WL 657219 at *1 (N.D. Cal. 1996) (finding "that [Anheuser-Busch's] marks are unquestionably famous, as defendant appears to concede.").

## DEFENDANTS' CONDUCT

25.  Upon information and belief, Heidelberg is a distributor of beverage products that has locations in Ohio, including the Dayton area..

26.  Heidelberg distributes numerous products from various companies, including but not limited to Samuel Adams, Sierra Nevada, Labatt's, Guinness, Barefoot, Freixenet, Jack Daniels, Kendall Jackson, Little Penguin, Riunite, Santa Margherita, Seagram's, Smoking Loon, St. Francis, Ste. Michelle, Woodbridge, Blackstone, Beringer, Franzia, Fetzer, Genesee, Kahlua, Lindeman's, Malibu, Sutter Home, Mike's Hard Lemonade, Monster and numerous other beverage products.  Heidelberg is not an exclusive distributor of Anheuser-Busch products

27.  Anheuser-Busch does not own or control Heidelberg.

28.  Upon information and belief, Defendants are currently in an ongoing contract negotiation with Heidelberg.

29.  Anheuser-Busch is not a party to any negotiations between Defendants and Heidelberg.

30.  Anheuser-Busch has no control of Heidelberg's labor relations policy.

31.  On July 22, 2011, Defendants caused advertisements to be displayed on two digital billboards in the Dayton area.  The advertisements prominently display the Anheuser-Busch Marks, including the BUDWEISER word mark and the BUDWEISER Script Design. *See* **Exhibit C**, Declaration of Elizabeth M. O' Connor and Exhibits C1 and C2 thereto.

32.  The digital billboard advertisement reads:  "Tell Budweiser Heidelberg's Destruction of Ohio Jobs is Tasteless." The advertisement displays the word "Budweiser" in a stylized form that is an imitation of the registered BUDWEISER Script Design trademark. The words "Budweiser" and "is Tasteless" are larger than all other text on the advertisement, and are moreover set off in bold red font.   The statement made by Defendants in the advertisement is false, false by necessary implication, and disparaging.

33.  Among other false messages, the words and images of Defendants' billboard (when considered in context) indicate to consumers of BUDWEISER products the false message that BUDWEISER beer and/or Anheuser-Busch is responsible for and involved with a labor dispute with the Teamsters in Ohio, and that Anheuser-Busch is responsible for the "destruction of Ohio jobs."  Such statements are false, false by necessary implication, and disparaging of Anheuser-Busch and its products..

34.  The digital billboard advertisement also includes a depiction of broken glass.  *See id.*  This again implies and suggests that BUDWEISER beer could be unsafe or harmful to consumers.

35.  The digital billboard includes a statement that indicates that it was paid for by the Defendant International Teamsters.   *See id.*

36.  The digital billboards are located at the Dryden Road exit off of Interstate 75 (Exit 50A), near downtown Dayton, Ohio.  The two digital billboards are supported in back-to-back relationship on a single pole, with one of the digital billboards oriented to face and be viewable by southbound traffic on Interstate 75, and the other billboard oriented to face and be viewable by northbound traffic on Interstate 75.  *See* **Exhibit C**, ¶¶ 3-4.

37.  Interstate 75 is a major, heavily-traveled north-south Interstate Highway that connects the Great Lakes and Southeastern regions of the United States.  *See* **Exhibit C,** ¶ 6.

38.  According to a press release issued by Defendant Teamsters Local 957 on July 22, 2011, Defendants plan to place additional billboards around Dayton within the next two weeks.  A true and correct copy of the press release issued on July 22, 2011, is attached hereto as **Exhibit D**.

39.  Defendants are using the Anheuser-Busch Marks in commerce in connection with advertising in order to advance their business and economic interests, including (but not limited to) efforts to obtain contractual benefits for their members.  The false, misleading and disparaging statements by Defendants are intended to diminish the positive associations Anheuser-Busch has developed with consumers of its products.

40.  These false, misleading and disparaging statements on the billboard are made for the purpose of, and may have the effect of, influencing sales of goods in the marketplace, namely, diverting sales of BUDWEISER branded products to the sale of products sold by other manufacturers under different brands.

41.  Defendants are not subsidiaries, affiliates, licensees or related companies of Anheuser-Busch, and Anheuser-Busch has not authorized or licensed Defendants to advertise or in any way make use of the Anheuser-Busch Marks, or any reproductions, copies or colorable imitations thereof.

42.  Defendants' use of the Anheuser-Busch Marks has caused and, unless enjoined by this Court, will continue to cause a dilution of the distinctive character of the Anheuser-Busch Marks.

43.  As a result, Anheuser-Busch has suffered, and will continue to suffer irreparable injury to and dissipation of its reputation and goodwill for which Anheuser-Busch has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Dilution
### (15 U.S.C. § 1125(c))

44.  Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.

45.  Anheuser-Busch has extensively and continuously promoted and used the Anheuser-Busch Marks both in the United States and throughout the world, and those marks have become distinctive, famous, and well-known symbols of the Anheuser-Busch's goods and services well before Defendants' actions complained of in this Complaint.

46.  Defendants used the Anheuser-Busch Marks in commerce after the marks became famous.

47.  Defendants' unauthorized use of the Anheuser-Busch Marks dilutes and is likely to dilute the distinctiveness of these marks by eroding the public's exclusive identification of these famous marks with Anheuser-Busch, tarnishing and degrading the positive associations and reputation of the marks, and otherwise lessening the capacity of the marks to identify and distinguish Anheuser-Busch's goods and services.

48.  Defendants' actions demonstrate an intent to cause dilution of the Anheuser-Busch Marks to the great and irreparable injury of Anheuser-Busch.

49.  Because of Defendants' infringing activities, Anheuser-Busch is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1125(c).

**SECOND CLAIM FOR RELIEF**
**Federal False Advertising**
**(15 U.S.C. § 1125(a))**

50.  Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein

51.  Defendants have made false or misleading statements of fact concerning Anheuser-Busch's products and commercial activities and have made such statements in interstate commerce.

52.  Defendants' false and misleading statements have actually deceived or will tend to deceive a substantial portion of the intended audience for Defendants' statements.

53.  Defendants' false and misleading statements are material in that they have influenced or are likely to influence consumers purchasing decisions.

54.  Defendants' false and misleading statements of fact have caused and will continue to cause harm to Anheuser-Busch.

**THIRD CLAIM FOR RELIEF**
**Defamation**
**(Ohio common law)**

55.  Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim to Anheuser-Busch's federal claims.

56.  Defendants have made false and defamatory statements concerning Anheuser-Busch and its products on the digital billboard.

57.  Defendants negligently or willfully published the false and defamatory statements concerning Anheuser-Busch and its products on the display of  a digital billboard advertisements.

58.  Defendants acted with malice in taking the actions complained of herein, and had knowledge of the false and misleading nature of the statements made about Anheuser-Busch and its products as pled herein.

59.  Defendants' actions and statements reflect upon the character of Anheuser-Busch and its products and cause injury to Anheuser-Busch in its trade.

60.  Defendants' actions constitute defamation per se.

61.  Because of Defendants' defamatory actions, Anheuser-Busch is entitled to damages and injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**Deceptive Trade Practices**
**(Ohio Revised Code 4165.01 et seq.)**

62.  Anheuser-Busch repeats and incorporates the allegations set forth in all preceding paragraphs as if set forth in full herein.  This claim is a substantial and related claim to Anheuser-Busch's federal claims.

63.  In their digital billboard advertisements, Defendants have made statements which are false and misleading.

64.  Upon information and belief, Defendants' false statements in connection with their digital billboard advertisements have deceived or have the tendency to deceive a substantial segment of Anheuser-Busch's target audience and potential consumers.

65.  Defendants' false statements in connection with their digital billboard advertisements are material in that they are likely to influence a purchasing decision concerning Anheuser-Busch's products.

66.  As a result of Defendants' false statements in connection with its digital billboard advertisements Anheuser-Busch has been injured and will continue to suffer injuries. Anheuser-Busch is, therefore, entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

---------------------------------------------------------------

## PRAYER FOR RELIEF

WHEREFORE, Anheuser-Busch prays that:

1.  Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from

Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently, from:

(a)     using the Anheuser-Busch Marks or engaging in any actions which are likely to dilute or tarnish the distinctive quality of the Anheuser-Busch Marks or to publishing any false, defamatory or misleading statements concerning Anheuser-Busch's products, or otherwise cause injury to Anheuser-Busch's business reputation, including but not limited to, displaying the billboard advertisements depicted in Exhibits C1 and C2 to the Declaration of Elizabeth M. O'Connor;

(b)     otherwise using the Anheuser-Busch Marks or unfairly competing with Anheuser-Busch in any manner whatsoever.

2.     Anheuser-Busch be awarded all damages caused by the acts forming the basis of this Complaint;

3.     Based on Defendants' knowing and intentional use of the Anheuser-Busch Marks, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

4.     Defendants be required to pay to Anheuser-Busch the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

5.     Based on Defendants' willful and deliberate infringement and dilution of the Anheuser-Busch Marks, and to deter such conduct in the future, Anheuser-Busch be awarded punitive damages; and

     6.   Anheuser-Busch be awarded such other and further relief as the Court may deem just.

DATED: _July 27, 2011_

                         Respectfully submitted,

                         PORTER WRIGHT MORRIS & ARTHUR LLP

                         /s/ James D. Liles_____
                         James D. Liles (0005547)
                         250 East Fifth Street, Suite 2200
                         Cincinnati, OH  34202-5118
                         Telephone: 513-369-4209
                         Fax: 513-421-0991
                         Email: jliles@porterwright.com

                         HUSCH BLACKWELL LLP
                         Gary A. Pierson
                         190 Carondelet Plaza, Suite 600
                         St. Louis. MO 63105
                         Telephone: 314-480-1500
                         Fax: 314-480-1505
                         Email: gary.pierson@huschblackwell.com

                         *Attorneys for Plaintiff Anheuser-Busch, Incorporated*

## VERIFICATION

I, Robert McCarthy, being first duly sworn, state:

I am the Vice President, Budweiser of Anheuser-Busch, Incorporated, the Plaintiff in the above-mentioned action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true of my own knowledge except as to matters therein stated on information and belief and as to those matters I believe them to be true.

Executed at St. Louis, Missouri on July 26, 2011.

_____
Robert McCarthy

STATE OF MISSOURI )
                         ) SS
CITY OF ST. LOUIS )

On this 26th day of July, 2011, before me personally appeared Robert McCarthy, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

_____
Notary Public
Cindy L. McKeehan

CINDY L. McKEEHAN
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 5, 2013
Commission # 09449406