UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANHEUSER-BUSCH, INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD )<br>OF TEAMSTERS and TEAMSTERS )<br>LOCAL union 957, )<br>)<br>Defendants, ) | CASE NO.: 11-262 |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

Since the enactment of the Norris LaGuardia Act in 1932, federal courts have been precluded from issuing injunctions in cases "involving or growing out of ... labor dispute[s]." 29 USC Sec. 101. Although ostensibly denominated as an action based on the Federal Trademark Act of 1946 (Lanham Act), Plaintiff's request for temporary and preliminary relief here clearly involves or grows out of a labor dispute and is clearly beyond this Court's jurisdiction to grant.

Plaintiff, Anheuser Bush, produces beer, which is distributed in Southwestern Ohio by Heidelberg Distributing Company (Heidelbeg). Teamsters Local 957 represents drivers and warehouse employees of Heidelberg. The Complaint alleges that "Defendants are currently in ongoing contract negotiations" and Plaintiff seeks an injunction from this Court with respect to two billboards, photographs of which are appended to its papers. Both billboards contain the following message:

"Tell Budweiser Heidelberg's Destruction of Ohio Jobs is Tasteless."

Although Plaintiff has neglected to mention this, both billboards also contain the following language:

> "Paid for by the International Brotherhood of Teamsters to address an ongoing labor dispute with Heidelberg Brewing Company."

Plaintiff asserts that the billboards contain the word "Budweiser" in "a stylized form that is an imitation of the registered BUDWEISER Script Design trademark" and claims further that this depiction infringes its trademark in violation of the Lanham Act. It also claims that the billboards also amount to federal false advertising, as well as defamation and deceptive trade practices under Ohio law. It asks this Court to enter temporary and preliminary injunctive relief.

## ARGUMENT

There are ample precedents holding that the use of a registered trade mark in circumstances such as those that are alleged here, even if it occurred, would not violate the Lanham Act. E.g., Machinists v. Winship Green Nursing Center, 103 F.3d 196 (1st Cir. 1996); CNA Financial Corp. v. Teamsters Local 743, 515 F.Supp. 942 (N.D. Ill. 1981); WHS Entertainment Ventures v. United Paperworkers, 997 F.Supp. 946 (M.D. Tenn. 1998).

More importantly, precedents (including at least one in this very District) squarely hold that because of the Norris LaGuardia Act a federal court lacks jurisdiction to issue injunctive relief in a dispute, such as this one, where precisely the same kinds of federal and state claims are alleged in the context of labor dispute. See Marriott Corp. v. Great America Service Trades Council, 552 F2d 176 (7th Cir. 1977) (suit alleging violation of Lanham Act and Illinois common law of unfair competition in connection with union's publicity related to labor dispute; court lacked jurisdiction to grant injunctive relief); Lucky Stores, Inc. v. Teamsters Local 70, 812 F.

Supp. 162 (N.D. Calif. 1992) (Norris LaGuardia Act deprived federal court of jurisdiction to enjoin union's circulation of printed materials that allegedly infringed employer's trademark and parodied the employer's advertising slogan); Senco Products v. International Union of Electrical Workers, 311 F.Supp. 590 (S.D. Ohio 1970) (Norris LaGuardia Act deprived federal court of jurisdiction to enjoin union's distribution of handbills in connection with labor dispute despite the fact that the handbills contained a registered trademark).

The language of the Act makes clear that Congress intended the phrase "labor dispute" to be given a broad interpretation. Aetna Freight Lines, Inc. v. Clayton, 228 F.2d 384, 387 (2nd Cir. 1955). Section 13 of the Act specifically provides that federal courts are without power to issue injunctions in cases growing out of labor disputes "regardless of whether the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 113(c). Norris LaGuardia "reflects Congress' decision to "abolis[h], for purposes of labor immunity, the distinction between primary activity between the 'immediate disputants' and secondary activity in which the employer and the members of the union do not stand 'in the proximate relation of employer and employee.' " Woodwork Manufacturers v. NLRB, 386 U.S. 612, 623 (1967) (quoting H.R.Rep. No. 669, 72d Cong., 1st Sess., 8 (1932)). See also, Burlington Northern RR v. BMWE, 481 U.S. 429 (1987),

Here, there is, and can be, no serious dispute that the billboards Plaintiff has asked this Court to enjoin involve or grow out of a labor dispute. The Complaint alleges as much. And, the billboards expressly state that they are intended to address an "ongoing labor dispute." In these circumstances, the Court plainly has no jurisdiction to enter any injunctive relief in this matter, whether in the form of a temporary restraining order or a preliminary or permanent injunction.

## CONCLUSION

We urge the court to deny Plaintiff's request for a temporary restraining order and for a preliminary injunction for lack of jurisdiction.

DATED: July 28, 2011

                                                      Respectfully submitted,

                                                     INTERNATIONAL BROTHERHOOD
                                                     OF TEAMSTERS

                                                     /s/ Michael T. Manley
                                                   Michael T. Manley
                                                   25 Louisiana Avenue, N.W.
                                                   Washington, DC 20001
                                                   Telephone: (202) 624-8711
                                                   Fax: (202) 624-6902
                                                   Email: mmanley@teamster.org

                                                   Attorney for Defendant International
                                                     Brotherhood of Teamsters

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document has been served upon Plaintiff Anheuser-Busch, Incorporated by electronically transmitting a copy to James D. Liles, attorney for Plaintiff, at the following e-mail address: jliles@porterwright.com; and by electronically transmitting a copy to Gary A. Pierson, attorney for Plaintiff, at the following e-mail address: gary.pierson@huschblackwell.com; and by electronically submitting a copy to Varney Richmond, President, Teamsters Local Union 957, at the following e-mail address: varneyr@teamsterslocal957.com on this 28th day of July, 2011.

                                                     /s/ Michael T. Manley