**162**  **812 FEDERAL SUPPLEMENT**

[5] Although we sympathize with plaintiffs' position, the parties cannot waive—nor may the court ignore—a defect in subject matter jurisdiction. *Holt v. Indiana Manufacturing Co.*, 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900). Accordingly, the government's motion to dismiss is granted.[1]

IT IS SO ORDERED.



---

LUCKY STORES, INC., Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NOS. 70, 78, 150, 490; International Brotherhood Of Teamsters Joint Council No. 7, Defendants.

No. C–92–3614–SAW.

United States District Court, N.D. California.

Oct. 21, 1992.

Employer brought action seeking injunctive and monetary relief for a union's alleged trademark infringement during a labor dispute. The District Court, Weigel, J., held that: (1) the Norris-LaGuardia Act deprived the district court of jurisdiction to issue an injunction against the union's circulation of printed materials that allegedly incorporated the employer's service mark and parodied the employer's advertising slogan, and (2) the National Labor Relations Act (NLRA) did not deprive the district court of subject matter jurisdiction over employer's claims for monetary relief.

Motion for preliminary injunction denied.

1. Labor Relations ⚖=862

Norris-LaGuardia Act deprived district court of jurisdiction to issue injunction against union's circulation, during labor dispute, of printed materials that allegedly incorporated employer's service mark and parodied employer's advertising slogan; materials giving rise to alleged trademark infringement were produced to generate support for union's boycott efforts that arose out of failure to reach new collective bargaining agreement. Norris-LaGuardia Act, § 1 et seq., 29 U.S.C.A. § 101 et seq.

2. Labor Relations ⚖=510

National Labor Relations Act (NLRA) did not deprive district court of subject matter jurisdiction over employer's trademark infringement claims arising from union's circulation, during labor dispute, of printed materials that allegedly incorporated employer's service mark and parodied employer's advertising slogan, even if case contained collateral labor issues. National Labor Relations Act, § 7, as amended, 29 U.S.C.A. § 157.

---

Eric Jorgensen, Susan Hollander, Brobeck, Phleger & Harrison, San Francisco, CA, for plaintiff.

Duane Beeson, Beeson, Tayer & Bodine, San Francisco, CA, for defendants.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

*Summary of Decision*

Lucky Stores moves for a preliminary injunction to prohibit Defendants' use of the phrase "The Low Life Leader," and misleading uses of the scripted "Lucky" servicemark. Although this court has subject matter jurisdiction over the merits of

---

1. However, we wish to note that plaintiff's belief that they have no other means of obtaining Dr. Francis' testimony is in error. The Department's decision to withhold Dr. Francis' testimony is an "agency action" reviewable under § 702 of the Administrative Procedure Act. *Davis Enterprises*, 877 F.2d at 1186. Under the Act, the refusal would be reviewable by this court for arbitrariness, capriciousness, and abuse of discretion. *Id.* Should plaintiffs wish to pursue Dr. Francis' testimony, they should consider filing suit under the APA.

this action, the Norris-LaGuardia Act precludes the issuance of an injunction. Accordingly, this court denies Lucky's preliminary injunction motion.

I. BACKGROUND

Plaintiff is a Delaware Corporation which operates a chain of grocery stores. Plaintiff's servicemark, a distinctive script rendition of the name "Lucky," is registered with the United States Patent and Trademark Office. Plaintiff's advertising slogan, "The Low Price Leader. Every Day," is registered with the State of California Secretary of State's Office.

Defendants are unincorporated labor organizations which advocate a boycott against Plaintiff. In that effort, Defendants have produced, displayed, and circulated a variety of printed materials which incorporate Plaintiff's servicemark and parody Plaintiff's advertising slogan. These materials have been distributed in California Lucky Stores' parking lots and entrances.

Upon learning of Defendants' use of Plaintiff's marks, Plaintiff filed a complaint alleging violation of federal trademark and false designation of origin laws, and of state unfair competition, trademark, and business libel laws. Plaintiff moves for a preliminary injunction to prohibit Defendants' use of the phrase "The Low Life Leader," and misleading uses of the scripted "Lucky" servicemark.

II. DISCUSSION

A. The Norris-LaGuardia Act

[1] The Norris-LaGuardia Act provides that federal courts lack jurisdiction to issue injunctions in cases "involving or growing out of a labor dispute." 29 U.S.C. § 101 [1]; *Burlington N. R.R. Co. v. Brotherhood of Maintenance of Way Employees,* 481 U.S. 429, 437, 107 S.Ct. 1841, 1847, 95 L.Ed.2d 381 (1987).[2] The term "labor dispute" includes "any controversy concerning terms or conditions of employment." 29 U.S.C. § 113(c). See also *Marine Cooks & Stewards v. Panama,* 362 U.S. 365, 369, 80 S.Ct. 779, 783, 4 L.Ed.2d 797 (1960) ("The [Norris-LaGuardia] language is broad because *Congress was intent upon taking the federal courts out of the labor injunction business....*").

Although Plaintiff has characterized this controversy as a trademark matter, the case "grows out of a labor dispute" within the meaning of the Norris-LaGuardia Act. The basic controversy between the parties arises from their failure to reach a new collective bargaining agreement. The allegedly infringing materials were produced to generate support for Defendants' boycott efforts. Because Defendants' allegedly infringing activities are inextricably linked with the underlying labor dispute, this court lacks jurisdiction to consider Plaintiff's motion for preliminary injunction. See *Marriott Corp. v. Great Am. Serv. Trades Council,* 552 F.2d 176 (7th Cir.1977) (Norris-LaGuardia Act deprives district court of jurisdiction to issue preliminary injunction in trademark case); *CNA Fin. Corp. v. Local 743 of Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.,* 515 F.Supp. 942 (N.D.Ill.1981) (same); *Senco Prods., Inc. v. International Union of Elec., Radio and Machine Workers,* 311 F.Supp. 590 (S.D. Ohio 1970) (same).

---

1. 29 U.S.C. § 101 provides:
   No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

2. Section 7 of the Norris-LaGuardia Act does permit a court to issue an injunction in a labor dispute after findings of fact that "unlawful acts have been threatened and will be committed unless restrained, or have been committed and will be continued unless restrained." 29 U.S.C. § 107. Courts have interpreted this provision narrowly, to apply only if threats of violence or fraud are involved. See, e.g., *Wilson & Co. v. Birl,* 105 F.2d 948, 952 (3d Cir.1939); *Levering & Garrigues Co. v. Morrin,* 71 F.2d 284, 286 (2d Cir.1934), *cert. denied,* 293 U.S. 595, 55 S.Ct. 110, 79 L.Ed. 688 (1934). This provision is inapplicable here.

**164**  **812 FEDERAL SUPPLEMENT**

The only effect of the Norris–LaGuardia Act is to preclude Plaintiff from obtaining injunctive relief.

B. The National Labor Relations Act

[2] Defendants assert that their use of Plaintiff's marks is protected by Section 7 of the National Labor Relations Act ("NLRA"), and that therefore this court lacks jurisdiction over the entire case. Section 7 of the NLRA guarantees the right of employees "to engage in ... concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. To ensure uniform enforcement of Section 7, the National Labor Relations Board ("NLRB") has exclusive jurisdiction to regulate conduct falling within this provision. *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959).

If a federal court otherwise has jurisdiction, however, the NLRA does not prohibit that court from deciding a case merely because the case contains collateral labor issues. *Connell Constr. Co. v. Plumbers & Steamfitters Union No. 100,* 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975) (federal court has jurisdiction to hear antitrust suit containing collateral labor issues). Therefore, while this case may involve collateral labor issues, the court has subject matter jurisdiction over this action. *See Marriott,* 552 F.2d 176 (federal court has jurisdiction to hear trademark suit containing collateral labor issues); *CNA Financial,* 515 F.Supp. 942 (same). The policy underlying this principle is sound. As the Seventh Circuit has stated, "[Plaintiff's trademark claim] should not be relegated to the NLRB, an agency, specialized in the field of federal labor law." *Marriott,* 552 F.2d at 180. Thus, although Norris–LaGuardia prohibits the issuance of injunctive relief, Plaintiff's claims are properly before this court.

The court's denial of Plaintiff's motion for preliminary injunction should not be interpreted as a ruling that Defendants' use of Plaintiff's marks is legally justified. While the Norris–LaGuardia Act precludes the issuance of injunctive relief, it does not forbid Plaintiff from pursuing its claims for monetary damages. Perhaps Defendants will conclude that the benefit of using marks that they do not own is outweighed by the risk that monetary damages will be awarded against them. In other words, the parties might be better served by focusing on the underlying labor dispute rather than dissipating energy on tangential matters.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.



---

Lorna KREINES, Plaintiff,

v.

UNITED STATES, Defendant,

v.

Jack McMENIMEN, et al., Defendants.

No. C-87-1410 SAW.

United States District Court,
N.D. California.

Dec. 17, 1992.

Tenant in house that was searched by interagency police task force pursuant to warrant moved for attorney fees under Equal Access to Justice Act (EAJA) after she prevailed on her *Bivens* claim against federal agents. The District Court, Weigel, J., held that tenant was not entitled to attorney fees as action was not brought "by or against the United States" but rather against federal agents alone in their individual capacities.

Motion denied.

1. United States ⚖=147(5)

Equal Access to Justice Act (EAJA) is limited waiver of sovereign immunity